PRESENT:  All the Justices

MICHAEL H. STEVENS, ET AL.

v.  Record No. 250142

STEVE THOMAS JURNIGAN, II

OPINION BY
JUSTICE TERESA M. CHAFIN
APRIL 9, 2026

FROM THE COURT OF APPEALS OF VIRGINIA

In the present case, the Circuit Court of Sussex County granted the appellants' pleas in bar after considering deposition testimony and documentary evidence.  The Court of Appeals reversed the circuit court's judgment, *see Jurnigan v. Byrum*, Record No. 1493-23-2, 2025 Va. App. LEXIS 33, at *2 (Jan. 21, 2025) (unpublished), reviewing the case de novo on appeal without giving any deference to the circuit court's factual findings based on the evidence presented by the parties, *id.* at *15.

The Court of Appeals applied the wrong standard of review.  Viewing this matter under the proper legal standard, we reverse the judgment of the Court of Appeals and reinstate the circuit court's judgment.

I.  BACKGROUND

In 2017, Steve Thomas Jurnigan, II, filed a complaint asserting claims against Michael H. Stevens, James M. Bowes, and the Southampton Bowmen Club (the "SBC").  The complaint asserted claims based on sexual abuse that occurred from 1993-2000, when Jurnigan was between 8 and 15 years old.[1]  The complaint alleged that the sexual abuse caused Jurnigan to

---

[1] The complaint alleged that Francis M. Monahan, another defendant who did not participate in the proceedings, sexually abused Jurnigan on SBC property.  The complaint also alleged that Stevens and Bowes were officers of the SBC during the pertinent time period.

incur numerous injuries.  Furthermore, the complaint asserted that Jurnigan was unaware of the causal connection between the sexual abuse and his injuries until he received psychotherapy.

Stevens, Bowes, and the SBC (collectively, the "appellants") filed pleas in bar, asserting that Jurnigan's claims were barred by the statute of limitations in effect when Jurnigan reached the age of majority in 2002.  The appellants' argument centered on the application of the 2002 version of Code § 8.01-249, a statute that addressed the accrual of claims based on the sexual abuse of children.  In pertinent part, the 2002 version of Code § 8.01-249 stated:

> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, [the cause of action shall be deemed to accrue] upon removal of the disability of infancy or incapacity as provided in [Code §] 8.01-229 or, *if the fact of the injury and its causal connection to the sexual abuse is not then known*, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist.

Code § 8.01-249(6) (2002) (emphasis added).

Relying on Jurnigan's deposition testimony and the accompanying exhibits, which included written statements that Jurnigan provided to the police during the criminal investigation of the sexual abuse, the appellants argued that Jurnigan knew that the abuse caused at least some of his injuries before he reached the age of majority.  Therefore, the appellants contended that Jurnigan's claims accrued when he reached the age of majority in 2002.

Applying the version of Code § 8.01-243 in effect in 2002, the appellants maintained that Jurnigan's claims were subject to a two-year statute of limitations period.[2]  The appellants

---

[2] The pertinent provision of the 2002 version of Code § 8.01-243 states:  "Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, . . . shall be brought within two years after the cause of action accrues."  Code § 8.01-243(A) (2002).

asserted that this period expired in 2004, two years after Jurnigan reached the age of majority. Consequently, the appellants argued that Jurnigan's claims were time-barred.

In response, Jurnigan asserted that his claims did not accrue until 2014, at the time when he first learned of the causal connection between the sexual abuse and his injuries after he received psychotherapy. Relying on the 2014 version of Code § 8.01-243, Jurnigan asserted that his claims were not time-barred.[3]

On April 16, 2021, the circuit court held a hearing concerning the pleas in bar. At the outset of the hearing, counsel for one of the appellants explained that the parties had agreed that Jurnigan's deposition testimony and the accompanying exhibits would be the "evidence in this case." A transcript of Jurnigan's deposition testimony and the accompanying exhibits were subsequently admitted into evidence without objection. Although a previous order of the circuit court permitted the parties to call Jurnigan as a witness to provide additional testimony during the hearing, neither Jurnigan nor any other witness testified.

After considering the evidence and legal arguments presented by the parties, the circuit court granted the appellants' pleas in bar. The circuit court acknowledged that the parties disputed when Jurnigan became aware of the causal connection between the sexual abuse and his injuries. The circuit court, however, concluded that the evidence established that Jurnigan knew that the abuse caused him to suffer some injuries before he reached adulthood.

The circuit court determined that the evidence presented by the appellants established that Jurnigan was aware of the causal connection between the sexual abuse and his injuries while he was still a student in school. More specifically, the circuit court explained that the evidence

---

[3] By 2014, the statute of limitations for claims resulting from sexual abuse committed during the infancy of the plaintiff had been extended to 20 years. *See* Code § 8.01-243(D) (2014).

established that Jurnigan "knew . . . he was suffering from anxiety, irritability, and other issues" that he "related . . . back to the sexual abuse." Quoting one of the written statements that Jurnigan provided to the police, the circuit court emphasized that Jurnigan admitted that he had "flashback[s] and almost PTSD[-]like symptoms from images burned in [his] mind of the physical abuse [he] had endured."

As Jurnigan knew of the causal connection between the sexual abuse and his injuries before he reached the age of adulthood, the circuit court concluded that Jurnigan's claims accrued when he reached the age of majority in 2002. Therefore, the circuit court held that Jurnigan's claims became time-barred two years later in 2004.

The Court of Appeals reversed the circuit court's judgment. *Jurnigan*, 2025 Va. App. LEXIS 33, at *2. Emphasizing that the circuit court did not hear ore tenus evidence regarding the pleas in bar, the Court of Appeals concluded that the circuit court's factual determinations were not entitled to any deference on appeal. *Id.* at *14-15. The Court of Appeals reviewed the matter de novo, treating the pleas in bar as motions for summary judgment. *Id.* at *15. Noting the conflicting evidence before the circuit court, the Court of Appeals determined that a genuine dispute of material fact existed concerning the accrual of Jurnigan's claims. *Id.* at *26-27. In light of this factual dispute, the Court of Appeals held that the circuit court erred by granting the appellants' pleas in bar. *Id.* at *27.

The appellants noted an appeal to this Court, arguing that the Court of Appeals relied on an incorrect standard of review when it reversed the circuit court's judgment.

## II. ANALYSIS

"A plea in bar is a defensive pleading that reduces the litigation to a single issue, which, if proven, creates a bar to the plaintiff's right of recovery." *Cooper Indus., Inc. v. Melendez*, 260

4

Va. 578, 594 (2000) (citations and quotation marks omitted).  Unlike a motion for summary judgment, a plea in bar may require the resolution of disputed factual issues.  *See Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010); Rule 3:20 (addressing motions for summary judgment); Kent Sinclair and Leigh B. Middleditch, Jr., Virginia Civil Procedure § 9.8, at 737 (7th ed. 2020) (addressing the distinctions between pleas in bar and motions for summary judgment).  The purpose of a plea in bar is "to narrow the litigation by *resolving* an issue that will determine whether a plaintiff may proceed to trial on a particular cause of action."  *Hawthorne*, 279 Va. at 578 (emphasis added).

In cases where the operative facts are contested, the parties may present evidence supporting or opposing a plea in bar.[4]  *Id.* at 577.  In such cases, a "party may demand that a jury decide the factual issues raised by the plea."  *Id.*  "[I]f the facts are disputed and no demand for a jury is made, the 'whole matter of law and fact' may be decided by the court."  *Id*. at 578 (quoting Code § 8.01-336(B)).

When reviewing a decision concerning a plea in bar where evidence has been presented by the parties, an appellate court must defer to the circuit court's factual findings and consider the evidence in the light most favorable to the prevailing party.[5]  *Commonwealth v. Windsor*

---

[4] In other cases, a plea in bar may be submitted for consideration "based on a discrete body of facts identified by the parties through their pleadings."  *Hawthorne*, 279 Va. at 277.  "A plea in bar can raise an affirmative defense targeting solely the allegations of the complaint (assumed arguendo to be true), thus obviating any need for an evidentiary hearing."  *California Condo. Ass'n v. Peterson*, 301 Va. 14, 20-21 (2022).  "[W]here no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented.  In doing so, the facts stated in the plaintiff's [complaint] are deemed true."  *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019).  This results in "functionally de novo review of the trial court's judgment."  *Id.*

[5] In contrast, the circuit court's application of the law to the facts is reviewed de novo. *Commonwealth v. Windsor Plaza Condo. Ass'n*, 289 Va. 34, 59 (2014).

*Plaza Condo. Ass'n*, 289 Va. 34, 59 (2014). It is worth emphasizing that "we review factfinding with the highest degree of appellate deference." *Commonwealth v. Barney*, 302 Va. 84, 96 (2023) (quoting *Bowman v. Commonwealth*, 290 Va. 492, 496 (2015)).

"If the parties present evidence on [a plea in bar] ore tenus, the circuit court's factual findings are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support." *Hawthorne*, 279 Va. at 577. A circuit court's factual findings that are based on other types of evidence are also reviewed with substantial deference on appeal. *See, e.g.*, *Barney*, 302 Va. at 97 (addressing factual findings based on the review of video evidence); *Ashby v. Dumouchelle*, 185 Va. 724, 731-32 (1946) (addressing factual findings based on deposition testimony).

"While a [judgment] based upon depositions is not as strong and conclusive as one based on evidence heard ore tenus, it is presumptively correct, and cannot be disturbed if it is reasonably supported or sustained by substantial, competent, and credible evidence." *Ashby*, 185 Va. at 731-32. Such a judgment is "entitled to great weight in this [C]ourt." *Wolford v. Williams*, 195 Va. 489, 499 (1953) (citations and quotation marks omitted). "[E]ven though the evidence may be in sharp conflict, . . . the burden is on [the party] who seeks to overturn [the judgment] to show that it is manifestly wrong." *Canavos v. Canavos*, 200 Va. 861, 866 (1959). "[T]he evidence must be clearly against the [the circuit court's factual] findings in order to justify a reversal." *Ashby*, 185 Va. at 732. "Under the general rule in Virginia, [the judgment] cannot be reversed unless it appears from the evidence that it is plainly wrong or without evidence to support it." *Id.* at 731.

A "trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise." *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018) (quoting

*Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). Appellate courts do not reweigh the evidence on appeal. *See, e.g.*, *Harris v. Joplin*, 304 Va. 338, 350 (2025). "[O]n appellate review, [we] view [the] evidence not to determine what we think happened, but for the limited purpose of determining whether any rational factfinder could have viewed it as the [factfinder] did." *Barney*, 302 Va. at 97 (quoting *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022)).

In this case, the circuit court resolved the disputed factual issue underlying the appellants' pleas in bar after considering the evidence presented by the parties. At the hearing addressing the pleas in bar, the appellants presented deposition testimony and documentary evidence to support their position. Based on this evidence, the circuit court concluded that Jurnigan was aware of the causal connection between the sexual abuse and his injuries before he reached the age of majority.

The Court of Appeals committed a significant error when it treated the appellants' pleas in bar as motions for summary judgment. When the parties present evidence addressing a factual dispute underlying a plea in bar and submit the matter to the circuit court rather than a jury, the circuit court is required to resolve the underlying factual dispute after considering the evidence before it. *See Hawthorne*, 279 Va. at 578. In this context, a plea in bar is not akin to a motion for summary judgment. *See* Rule 3:20 ("Summary judgment may not be entered if any material fact is genuinely in dispute.").

The Court of Appeals committed another significant error when it failed to give any deference to the circuit court's factual findings. At the risk of stating the obvious, we emphasize that the deposition testimony and accompanying exhibits presented by the appellants constituted substantive evidence in this case. Any form of admissible evidence may be presented to resolve the contested factual issue underlying a plea in bar. The circuit court's factual findings were

7

based on its consideration of the evidence presented by the parties, and they were entitled to substantial deference on appeal. *See, e.g.*, *Windsor Plaza Condo. Ass'n*, 289 Va. at 59; *Ashby*, 185 Va. at 732.

Applying the proper deferential legal standard, we conclude that the circuit court's factual findings regarding the accrual of Jurnigan's claims were not plainly wrong or unsupported by the evidence. The Court of Appeals acknowledged as much, noting that the appellants "highlighted a myriad of statements made by Jurnigan in his deposition, written letters to law enforcement, and interrogatories to demonstrate that he possessed knowledge of his injuries and their causal connection to the sexual abuse as a minor." *Jurnigan*, 2025 Va. App. LEXIS 33, at *26.

Based on the deposition testimony and documentary evidence presented by the appellants,[6] the circuit court could have reasonably determined that Jurnigan was aware of the causal connection between the sexual abuse and his injuries before he reached the age of majority. Accordingly, we conclude that the circuit court did not err when it determined that Jurnigan's claims accrued when he reached the age of majority in 2002. *See* Code § 8.01-249(6) (2002). Likewise, we conclude that the circuit court did not err when it determined that

---

[6] In the written statements that Jurnigan prepared for the police during the criminal investigation of the sexual abuse, Jurnigan described the manner in which the sexual abuse affected him while he was a student in school. Jurnigan explained that the abuse caused him to question his sexuality, and that he worried that other students would find out about the abuse. Jurnigan also noted that he had repetitive thoughts concerning the abuse. As noted by the circuit court, Jurnigan stated that he had "flashback[s] and almost PTSD[-]like symptoms from images burned into [his] mind of the physical abuse [he] had endured." Jurnigan explained that his repetitive thoughts and anxiety caused him to disrupt class and engage in other problematic behavior. In his deposition testimony, Jurnigan expressly confirmed that the written statements that he prepared for the police were truthful and accurate.

Jurnigan's claims became time-barred by the pertinent statute of limitations two years later in 2004.  *See* Code § 8.01-243(A) (2002).

## III.  CONCLUSION

For the reasons stated, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

*Reversed and final judgment.*